# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL I. DUFRENNE, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV1524HEA |
| | ) |
| CITI MORTGAGE, INC., et al., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motions for Emergency Temporary Restraining Order and Preliminary Injunction, [Doc. # 14, #21]. All of the named defendants have filed Motions to Dismiss [Doc. #10, #18, #28]. Plaintiffs have not responded to these motions.[1]

Plaintiffs are seeking to enjoin defendants Citi Mortgage, Inc. ("CitiMortgage"), Cornerstone Mortgage Inc. ("Cornerstone"), Millsap & Singer, PC, Emmons Title Company ("Emmons"), Kip Bilderback, Scott D. Mosier, any Unknown Does 1 to 250, and all acting on their behalf, from foreclosing, conducting any sales, transfers, assignments, and recording of any transactions of plaintffs' property located at 359 Balmoral Castle Drive, Wentzville, MO 63385.

---

[1] Plaintiffs' deadline to respond to defendant Emmons' motion has not yet run.

## Factual Background

On or about October 16, 2003, plaintiffs entered into a loan agreement and Deed of Trust of said property with defendant Cornerstone. Complaint at 3. On or about July 29, 2009, plaintiffs were served with a Notice of Default and Election to Sell Under Deed of Trust. *Id.* After defaulting on their loan, said property was foreclosed by non-judicial sale on August 20, 2009. Doc. #11 at 1. Defendant CitiMortgage purchased said property at the foreclosure sale. *Id.* Millsap & Singer, PC was the successor trustee under the Deed of Trust. *Id.* Defendant Bilderback is an officer and vice president of Millsap & Singer, PC. Defendant Mosier is an attorney employed at Millsap & Singer, PC. Plaintiffs seek to enjoin defendants in the pending eviction proceeding which–according to plaintiffs–is set for December 4, 2009.

## Discussion

The entry of a temporary restraining order is governed by Rule 65(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give

the notice and the reasons supporting the claim that notice should not be required.

Fed.R.Civ.P. Rule 65(b).

Preliminary injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059 (8th Cir. 1997) (citations omitted). Whether the equitable remedy of a preliminary injunction should issue depends upon four factors: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). A district court has broad discretion when ruling on preliminary injunction requests, and we will reverse only for clearly erroneous factual determinations, an error of law, or an abuse of discretion. *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir.1998)." *Emerson Elec. Co. v. Rogers*, 418 F.3d 841 (8th Cir. 2005).

**Verification**

At the outset, the Court notes that plaintiffs' Emergency Motions for Temporary Restraining Order and Preliminary Injunction [Doc. #14, #21] are deficient in that both motions lack verification. As set forth above, Rule 65(b) of the Federal Rules of Civil Procedure requires verification and states that no temporary restraining order shall be granted without notice unless immediate and irreparable injury, loss, or damage is clearly shown. Plaintiffs have not submitted the requisite affidavit or verified complaint required under Rule 65(b). As a result, the motion will be denied.

## Conclusion

Based on plaintiffs' lack of verification as required under Rule 65(b), the Court concludes that plaintiffs' requests for TRO and preliminary injunction are not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motions for Emergency Temporary Restraining Order and Preliminary Injunction, [Doc. # 14, #21], are denied, without prejudice.

Dated this 3rd day of December, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE