# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL I. DUFRENNE, | ) | |
| CAROL DUFRENNE, and JOHN DOE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1524 HEA |
| | ) | |
| CITIMORTGAGE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Citimortgage, Inc., Millsap & Singer, PC, Kip Bilderback, Scott D. Mosier's Motion to Dismiss [Doc. No. 10]; Cornerstone Mortgage, Inc.'s Motion to Dismiss, and Alternative, Motion for More Definite and Certain Statement [Doc. No. 18]; and Emmons Title Company's Motion to Dismiss [Doc. No. 28].[1] Plaintiffs have not responded to any of these motions. For the reasons set forth below, the Motions to dismiss are granted.

## Facts and Background[2]

---

[1] With consent from counsel for defendants CitiMortgage, Millsap & Singer, Bilderback, and Mosier, defendant Emmons joined said defendants in their Motion to Dismiss Plaintiffs' Complaint [Doc. #10].

[2] This recitation of facts is taken from the pleadings before the Court and is set forth for the purposes of these motions only. This recitation in no way relieves any party of the necessary proof of any fact in later proceedings.

Plaintiffs Michael and Carol Dufrenne[3] bring this action alleging violations of numerous federal and state statutes, in connection with a recent foreclosure action initiated on their principal residence in Wentzville, Missouri. Named as defendants are: CitiMortgage, Inc., Cornerstone Mortgage, Millsap & Singer, LLC, Emmons Title Company, Kip Bilderback, Scott Mosier, and John Does 1-250.

The complaint is long, convoluted and full of conclusory allegations. Those allegations need not be set forth here or given an assumption of truth, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), as the Court can best sum up plaintiffs' allegations as set forth below.

Plaintiffs assert that in October of 2003, they entered into a loan agreement with defendant Cornerstone Mortgage for a residence located in Wentzville, Missouri. Plaintiffs claim that in July of 2009, after a default on their loan, they were served with a Notice of Trustee's Sale, setting the non-judicial sale of their residence for August 20, 2009. It appears that defendant CitiMortgage bought the property in the foreclosure sale and has now initiated eviction proceedings (unlawful detainer) on plaintiffs in a state court matter in St. Charles, Missouri, with eviction set to occur on December 4,

---

[3]The Dufrenne plaintiffs have also listed "John Doe" as an additional plaintiff in this action. Plaintiff John Doe will be dismissed from this action, as plaintiffs Michael and Carol Dufrenne, pro se litigants, cannot act as counsel for others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

2009. Defendants Millsap & Singer, through their employees Kip Bilderback and Scott Mosier, are representing CitiMortgage in the state court action.

In the instant complaint, plaintiffs seek monetary and injunctive relief from defendants on several different grounds. In Count I of the complaint, plaintiffs seek to quiet title, or show their superior title to the Wentzville property at issue. Count II of the complaint is entitled "Violation of the National Banking Act," and it appears to be directed toward defendants Cornerstone Mortgage and CitiMortgage, Inc. Nevertheless, it lacks any specific allegations against the defendants.

Counts III and IV of the complaint seek "rescission" of the original (2003) loan agreement (the deed of trust), which included language that gave defendant Cornerstone the power to engage in a non-judicial sale in the event of default. Plaintiffs claim generally that the deed of trust was "oppressive, malicious and fraudulent," and they additionally state that Cornerstone, CitiMortgage, Emmons Title and Millsap & Singer "failed to inform plaintiffs that they had the right to receive the Notice of Default and Notice of Trustee's Sale in order to satisfy the due process requirements of notice..." Plaintiffs do not state that they never received the proper notice regarding sale, only that defendants failed to inform them about *the right* to receive proper notice. Also in Counts III and IV, plaintiffs refer to several sections of Article 2 of the Uniform Commercial Code, which they believe have been violated by defendants. Overall, the

gist of plaintiffs' allegations are that they are entitled to rescission of the 2003 loan due to fraudulent conduct on behalf of defendants.

Count V argues for stopping "the foreclosure" due to unnamed violations of the Fair Debt Collection Practices Act. Count VI asserts generalized claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq* . ("RESPA"), asserting in a conclusory fashion that defendants have engaged in "unlawful practices" and "misconduct" amounting to violations of these statutes. Count VII alleges that defendants, as a whole, had a fiduciary duty to plaintiffs to "advise them on notice of all disclosures that are required by law," and that the Court should stay the foreclosure proceedings as a consequence to defendants' actions. Plaintiffs also state, generally, that defendants failed to provide plaintiffs with "disclosure notices," although they have not enumerated which notices they believe defendants failed to provide.

Count VIII is similar to Count VII, in that plaintiffs submit that rescission of the 2003 loan agreement is necessary because defendants failed to "inform plaintiffs that they had a statutory duty to provide plaintiffs with all of the loan documents." Again, plaintiffs fail to specify which loan documents are the subject of the dispute, and they fail to allege that they never actually received the documents.

Count IX alleges generally a "breach of the implied covenant of good faith and fair dealing," asserting that defendants "used their superior knowledge in real estate, lending and finance industries to intentionally hide the fact that Cornerstone Mortgage and CitiMortgage were obligated to comply with the mandatory federal and state laws." In Count X, plaintiffs allege, in a conclusory fashion, a violation of 15 U.S.C. § 1639. Count XI is a one sentence claim seeking compensation for "embezzlement and unjust enrichment." Count XIII[4] requests injunctive and declaratory relief requesting that the Court void the 2003 loan agreement, rescind the August 20, 2009 foreclosure sale, and halt the approaching eviction proceedings.

Defendant Cornerstone moves to dismiss, claiming that plaintiffs fail to state the basis on which this Court has subject matter jurisdiction over this dispute. Additionally, Defendant Cornerstone alleges that the complaint does not make any cogent allegations against any of the defendants, as required by Rules 8 and 9 of the Federal Rules of Civil Procedure.

Defendants CitiMortgage, Millsap & Singer, PC, Bilderback, Mosier, and Emmon's Title Company move to dismiss, claiming that the *Rooker-Feldman* doctrine precludes this Court from hearing the case. Additionally, they argue that dismissal is

---

[4]There is no Count XII in plaintiffs' complaint.

necessary because the complaint fails to state any claims upon which relief can be granted.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556) "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation mark omitted).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.

Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## Discussion

Plaintiffs' claims to quiet title [Count I] fail to state a claim for relief as they have failed to plead any facts showing they, in fact, have a superior title to the property at issue. Moreover, plaintiffs' bold assertions that some defendants violated the National Banking Act [Count II] and the Fair Debt Practices Collection Act [Count V], engaged in "embezzlement and unjust enrichment" [Count VI] acted in "oppressive, malicious and fraudulent" manner [Counts III and IV], without more, also fail to state claims upon which relief may be granted. And plaintiffs' broad and conclusory statements that this Court should rescind the 2003 loan document because there were unidentified problems at loan origination, pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.

7

("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq* . ("RESPA") [Count VI], fail to state a claim for relief as these causes of action are clearly barred by the one-year statute of limitations found at 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614. The loan originated in 2003, thus any failure by defendants' to offer disclosures arose at this time and plaintiffs had until one year later, in 2004, to raise any such allegations. Therefore, plaintiffs failed to timely assert their TILA and RESPA violations.

Plaintiffs' multitude of claims regarding defendants purported failure to tell them of their *duty* under federal law to provide certain loan documents and disclosures [Counts VII and VIII] are also subject to summary dismissal because plaintiffs fail to identify the alleged documents or assert that defendants actually failed to provide the purported documents (or breached some unnamed duty). Similarly, plaintiffs' assertions that defendants breached some unidentified fiduciary duty and some unnamed covenant of good faith and fair dealing [Count IX] are subject to dismissal, as plaintiffs have not pleaded that there was a fiduciary relationship between them and defendants, or the basis from which the alleged covenant of fair dealing arises.

Additionally, plaintiffs' conclusory contention that defendants CitiMortgage and Cornerstone violated 15 U.S.C. § 1639(h) by providing funding to plaintiffs in a fraudulent manner [Count X] is subject to dismissal, as plaintiffs fail to show more

8

than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. Additionally, it remains unclear to the Court why this claim is directed to defendant CitiMortgage. Plaintiffs' one-sentence claim alleging embezzlement and unjust enrichment [Claim XI] clearly lacks substance and shall be dismissed, as it fails to assert which count applies to each specific defendant, and fails to allege concrete facts to which defendants may respond. And finally, the Court deems plaintiffs' claim requesting declaratory and injunctive relief against defendants [Claim XIII] moot, as the court has already denied such relief in a previous Order [Doc. No. 29].

Accordingly, the Court notes that plaintiffs' complaint is subject to dismissal pursuant to *Iqbal*. The complaint fails to state any claims upon which relief may be granted, as plaintiffs' allegations are stated in the most generalized and conclusory fashion. Plaintiffs fail to assert which counts apply to each specific defendant, and the complaint fails to allege concrete facts to which defendants may respond.

Indeed, plaintiffs' complaint sets forth many general assertions of law,[5] but it fails to provide factual allegations in support of the assertions. Moreover, many of plaintiffs' claims are based on assertions of misrepresentation or fraud, but they fail to

---

[5]Many of plaintiffs' legal assertions pertain to legal theories inapplicable to the present action. For example, plaintiffs allege that defendants breached several portions of Article 2 of the Uniform Commercial Code ("UCC"), however, the allegations contained in the complaint refer to a real estate transaction, and Article 2 of the UCC is only applicable to goods and not secured transactions or transactions involving real estate. *See* Mo.Rev.Stat. §§400.2-102 and 400.2-105.

plead these allegations with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Also, the complaint is replete with requests that this Court enjoin a foreclosure action which occurred more than a month before the filing of the instant action on September 22, 2009. To that end, plaintiffs' requests for interference with an already accomplished foreclosure action are moot and cannot be entertained by this Court.

For all of the foregoing reasons, plaintiffs' complaint is subject to dismissal under Rule 12(b)(6) and pursuant to *Iqbal*. 129 S.Ct. 1950-51.

Furthermore, the Court notes that in addition to failing to meet the pleading standards in *Iqbal*, plaintiffs' complaint also fails for other reasons.

Defendants CitiMortgage, Millsap & Singer, PC, Bilderback, Mosier, and Emmon's Title Company further argue that the *Rooker-Feldman* doctrine precludes this Court from hearing the case, as the state courts have already ruled on this matter. Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1201 (2006)(per curiam).

In relation to the instant action, the Court takes judicial notice of the following state court action. On August 28, 2009, after the foreclosure sale on the Wentzville property, plaintiffs filed an action in the Circuit Court for St. Charles County, Missouri,

in Case No. 09-11-CV08126, seeking to enjoin the foreclosure or to rescind the same and also to reverse any collection activities on the note and deed of trust.[6] A review of plaintiffs' state-court complaint shows that plaintiffs alleged many of the same claims they are now asserting, including claims under the Fair Debt Collections Practices Act, the Uniform Commercial Code, the Truth in Lending Act, both the U.S. and Missouri Constitutions, as well as various state law claims, including breach of contract. Named as defendants in that action were: CitiMortgage, Inc., Millsap & Singer, Kip Bilderback, and John Does 1-100. On September 9, 2009, judgment was granted in defendants' favor and plaintiffs' case was dismissed with prejudice. Plaintiffs failed to file an appeal of the Circuit Court's decision.[7]

To the extent that plaintiffs are seeking to appeal the state court's refusal to rescind the 2003 contract and/or alter the foreclosure on the Wentzville property, this Court notes that Congress has vested only the United States Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (this Court does not have

---

[6]*See* Missouri Case Net, https://www.courts.mo.gov/casenet, *Dufrenne v. CitiMortgage, et al.*, Case No. 0911-CV08126.

[7] The Court additionally takes judicial notice of the unlawful detainer action against plaintiffs, currently pending in the Circuit Court for St. Charles, County. *CitiMortgage, Inc. v. Michael Dufrenne*, et al., Case No. 0911-CV08325. Plaintiffs claim that eviction from the Wentzville property is set to occur on December 4, 2009, pursuant to this action.

subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]."). As a consequence, in the event that plaintiffs seek review of the state court action, their complaint is subject to dismissal.

Furthermore, Plaintiffs also fail to state a claim for relief against the up to two hundred and fifty John Does. Although named in the complaint as defendants in this action, plaintiffs have not alleged any wrongdoing by John Does 1-250. See *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994) (noting that, in general, fictitious parties may not be named as defendants in a civil action); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (noting that an action may proceed against a party whose name is unknown only if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.). Thus, defendants John Does 1-250 are also subject to dismissal.

## Conclusion

Based on the foregoing analysis, the Court finds that Plaintiffs failed to state a claim upon which relief can be granted. Additionally, Plaintiffs' claims are precluded under the *Roooker-Feldman* doctrine. As a result, the Court holds that plaintiffs' claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff John Doe is dismissed from this action.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss [Doc. No. 10, 18, and 28] are **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed with prejudice.

Dated this 17th day of December, 2009.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE